UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'   JS-6

| Case No. | 2:15-cv-06318-CAS (AGRx) | Date | February 16, 2016 |
|---|---|---|---|
| Title | FINANCIAL INDEMNITY COMPANY v. JEFFREY BROOKS, SR., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANTS' MOTION TO DISMISS (Dkt. 20, filed October 29, 2015)

## I.   INTRODUCTION

On August 19, 2015, plaintiff Financial Indemnity Company ("FIC") filed the instant action against defendants Jeffrey Brooks, Sr. ("Brooks, Sr."), Jeffrey C. Brooks ("Brooks"), as well as Daniel Orellana and Gledi Orellana ("the Orellanas"). Dkt. 1. In brief, FIC seeks declaratory relief (1) regarding the scope of FIC's duty to indemnify its insured, defendant Brooks, and (2) regarding the question of whether FIC successfully discharged its duty of good faith and fair dealing to its insured.

On October 1, 2015, the Orellanas filed their answer to the complaint. Dkt. 15 (Orellanas Answer ). In it, aside from a general denial of all of FIC's claims, the Orellanas assert that this Court lacks subject-matter jurisdiction, that the case is not ripe for adjudication, and that FIC failed to state a claim for relief. Id. ¶¶ 1-4. On October 29, 2015, Brooks (the insured) and Brooks, Sr. filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that this Court lacks subject-matter jurisdiction and that the issues presented in the complaint are not ripe for adjudication.[1]

---

[1] In their motion to dismiss, defendants assert that this Court lacks subject matter jurisdiction "pursuant to [Federal Rule of Civil Procedure] 12(h)(3) . . . as there is currently no 'justiciable controversy ripe for judicial determination'. . . ." Motion at 2. A challenge to the Court's exercise of jurisdiction is properly brought instead under Rule 12(b)(1). See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Accordingly, this Court construes this aspect of the motion as being brought pursuant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:15-cv-06318-CAS (AGRx) | Date | February 16, 2016 |
|---|---|---|---|
| Title | FINANCIAL INDEMNITY COMPANY v. JEFFREY BROOKS, SR., ET AL. | | |

Dkt. 20. On November 9, 2015, FIC filed an opposition to the instant motion. Dkt. 22. Defendants Brooks and Brooks, Sr. did not file a reply. The Court held oral argument on the motion on January 25, 2016. Dkt. 27. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff FIC alleges the following facts:

On or about February 7, 2014, FIC issued a California Private Passenger Auto insurance policy to named insured Jeffrey C. Brooks (the "insured"). Compl. ¶ 7. The policy provides indemnity coverage to the insured and reads, in relevant part, as follows:

> **Part A – Liability Coverage**
>
> **Bodily Injury**    $15,000 each person
>
> \*\*\*
>
> **[W]e** will pay damages for which any **insured person** is legally liable because of **bodily injury** . . . sustained in an **accident** caused by the ownership, maintenance or use of an **auto** or **utility trailer**.
>
> **We** will defend any suit or settle any claim for these damages as **we** think appropriate. **We** have no duty to defend any suit or settle any claim for **bodily injury** . . . not covered under this

---

Rule 12(b)(1). Additionally, defendants' motion to dismiss pursuant to Rule 12(b)(6) does not assert that plaintiff has failed to state a claim, but rather argues that the Court should exercise its discretion in declining to hear the dispute. Motion at 9-11. The Court addresses the motion accordingly.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06318-CAS (AGRx) | Date | February 16, 2016 |
| Title | FINANCIAL INDEMNITY COMPANY v. JEFFREY BROOKS, SR., ET AL. | | |

> policy. **Our** agreement to settle or defend ends when **our** limit of liability for this coverage has been paid.

Id.; see also Compl., Exh. A (emphasis in original).

On September 27, 2014, while driving in Palmdale, California, defendant Brooks was involved in an auto accident with one other vehicle (the "Underlying Accident"). Compl. ¶ 8. Daniel E. Orellana ("decedent"), the driver of the other vehicle, died as a result of the injuries he sustained. Id. ¶ 9. On October 21, 2014, FIC wrote a letter to decedent's parents, the Orellanas, in an attempt to begin discussing the claim arising from the Underlying Accident, but received no response, despite sending follow-up letters in January and February 2015. Id. ¶ 11.

On April 28, 2015, FIC received a letter from the Orellanas (the "April letter"). Id. ¶ 13. In the April letter, the Orellanas stated that they "do not know how much insurance money there is that covers Mr. Brooks for this accident[,] but whatever it is[,] we will accept it to settle all claims related to his death." Compl., Exhibit B (April letter). This settlement offer was conditioned on (1) FIC replying with a letter outlining the Brooks's insurance coverage and (2) FIC providing a letter signed by Brooks stating whether there are any other policies that may apply to the accident. Id. The April letter also stated that the Orellanas would agree to settle their claims "[a]s long as [they] receive all of these documents before May 15, 2015." Id. FIC was unable to meet this deadline, and on May 15, 2015, FIC wrote a letter to the Orellanas stating, in part, that "[a]t this early stage of pre-litigation, [the insurer] has not had a reasonable opportunity to properly evaluate all of the available coverage," and therefore requested "an extension of time to gather this information in order to respond to [the Orellanas'] settlement demand." Id. ¶ 15.

Days later, on May 19, 2015, FIC's counsel received a letter from Jason P. Fowler ("Fowler"), an attorney retained by the Orellanas, indicating his understanding that FIC had informed the Orellanas that it was unable to accept the April 2015 settlement offer. Id. ¶ 16. FIC's counsel then sent a letter to Fowler requesting additional time to respond to the settlement offer in order "to allow FIC a reasonable opportunity to evaluate all of the insurance coverage potentially available to cover the loss." Id. ¶ 17. FIC continued to investigate other potentially available coverage for the loss. See id. ¶ 18. In this regard, on June 9, 2015, FIC's counsel received a letter from the Government Employees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06318-CAS (AGRx) | Date | February 16, 2016 |
| Title | FINANCIAL INDEMNITY COMPANY v. JEFFREY BROOKS, SR., ET AL. | | |

Insurance Company ("GEICO") advising that there was no coverage for the loss under a policy issued to the named insured's father and co-defendant, Jeffrey Brooks, Sr., who co-owned the automobile used in the accident.  Id. ¶¶ 10, 19.

On June 18, 2015, FIC's counsel wrote to the Orellanas' counsel tendering an offer to settle the claim for $15,000.  Id. ¶ 20.  On June 18, 2015, the Orellanas' counsel indicated to FIC that the Orellanas believed that because of FIC's alleged failure to accept the earlier settlement demand within the policy limits, FIC had become liable under state law for the "entire amount of damages irrespective of policy limits."  Id. ¶ 21.

On August 19, 2015, FIC filed this action seeking declaratory relief.  See id.

### III.   LEGAL STANDARD

A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action.  This defect may exist despite the formal sufficiency of the allegations in the complaint.  T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964).  When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction.  See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction.  Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).  If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000.  See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06318-CAS (AGRx) | Date | February 16, 2016 |
| Title | FINANCIAL INDEMNITY COMPANY v. JEFFREY BROOKS, SR., ET AL. | | |

## IV. DISCUSSION

Through the instant action, FIC seeks judgment from the Court declaring the following:

> [1] [T]hat FIC discharged its contractual obligations and its duty of good faith and fair dealing in tendering its $15,000 policy limit in settlement. [The Good Faith and Fair Dealing Question.]
>
> [2] [T]hat FIC's policy limit applicable to any judgment in the Underlying Action [between the Orellanas and the Brooks families] is $15,000 and [that FIC] owes no contractual, extra-contractual or other legal duty to pay more than $15,000 to indemnify Brooks and Brooks, Sr. for any judgment with respect to the Underlying Accident.[2] [The Policy Limits Question.]

Compl. (Prayer), ¶¶ 1-2. For reasons explained below, the Court declines to exercise jurisdiction over this action, as rulings on the Good Faith and Fair Dealing Question and the Policy Limits Question would be premature.

### A. The Declaratory Judgment Act

The Declaratory Judgment Act ("DJA") provides that "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party . . . whether or not such further relief is or could be sought." 28 U.S.C. § 2201(a). "Congress created this remedy, in part, to allow potential defendants to file preemptive litigation to determine whether they

---

[2] Based upon the remainder of plaintiff's complaint, there appears not to be any pending state court action regarding the Underlying Accident. Accordingly, it is unclear whether or not this reference in the complaint to an "Underlying Action" is a typographical error.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 | |
| Case No. | 2:15-cv-06318-CAS (AGRx) | Date | February 16, 2016 | |
| Title | FINANCIAL INDEMNITY COMPANY v. JEFFREY BROOKS, SR., ET AL. | | | |

have any legal obligations to their potential adversaries." Shell Gulf of Mexico v. Center for Biological Diversity, Inc., 771 F.3d 632, 635 (9th Cir. 2014). Explicit in the Act is the requirement for an actual controversy "in the constitutional sense." Id. (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937)).

Accordingly, in determining whether or not to exercise jurisdiction,

> [t]he district court must first inquire whether there is an actual case or controversy within its jurisdiction. American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994). Second, if the court finds that an actual case or controversy exists, the court must decide whether to exercise its jurisdiction by analyzing the factors set out in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), and its progeny.

Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005) (citation omitted). In the discussion that follows, the Court considers whether there is an actual case or controversy, and then applies the Brillhart factors in deciding whether to exercise jurisdiction over the instant action.

### 1. Actual Case or Controversy

The requirement that a case or controversy exist under the Declaratory Judgment Act is "identical to Article III's constitutional case or controversy requirement." American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994). "If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction." Principal Life, 394 F.3d at 669.

#### a. The Good Faith and Fair Dealing Question

Plaintiff-insurer FIC seeks a judgment "declaring that [it] discharged its contractual obligations and its duty of good faith and fair dealing in tendering its $15,000 policy limit in settlement." Compl. (Prayer) ¶ 2. FIC asserts that defendants have characterized FIC's failure to respond to the April letter's demand for settlement by the stated deadline as a breach of the duty of good faith and fair dealing. Compl. ¶ 23a-f. In opposition to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06318-CAS (AGRx) | Date | February 16, 2016 |
| Title | FINANCIAL INDEMNITY COMPANY v. JEFFREY BROOKS, SR., ET AL. | | |

the instant motion, defendant Brooks argues that there can be no justiciable controversy between FIC and its insured regarding a breach of the duty of good faith and fair dealing unless and until there is a judgment in excess of the insured's policy limits. Motion at 8.

     Under California law, "[t]he covenant of good faith and fair dealing that is implied into insurance contracts imposes on an insurer the duty to accept a reasonable settlement offer within the policy limits when there is a substantial likelihood of a judgment against the insured exceeding policy limits." RLI Ins. Co. v. CNA Cas. of Cal., 141 Cal. App. 4th 75, 81 (2006). In light of this qualified duty to accept reasonable settlement offers, "an insurer may be held liable for a judgment against the insured in excess of its policy limits where [the insurer] has breached its implied covenant of good faith and fair dealing by unreasonably refusing to accept a settlement offer within the policy limits." Commercial Union Assurance Cos. v. Safeway Stores, Inc., 26 Cal. 3d 912, 916-17 (1980). Thus, as is relevant to the parties here, if Brooks were to suffer a loss to the Orellanas in the form of an excess judgment in state court, Brooks may have a separate cause of action against FIC for bad faith refusal to settle. See RLI, 141 Cal.App. 4th at 81. As the insured, Brooks may assign this separate cause of action to a third-party, including, for example, the claimant (i.e., the Orellanas). Id.

     However, "a cause of action for bad faith refusal to settle arises *only after a judgment has been rendered in excess of the policy limits*." Safeco Ins. Co. v. Superior Court, 71 Cal.App.4th 782, 788 (1999) (emphasis added); see also RLI, 141 Cal.App.4th at 81 ("[T]he claimant's action against the insurer does not mature, until a judgment in excess of the policy limits has been entered against the insured."). As the California Court of Appeals explained in Safeco, this makes intuitive sense: "[i]f the insurer declines to settle and decides to go to trial and then obtains a judgment below the settlement offer or obtains a complete defense verdict, then the insured would have no cause to complain, and the insurer would have no liability." Id. Accordingly, "[u]ntil judgment is actually entered, *the mere possibility or probability of an excess judgment does not render the refusal to settle actionable*." Id. (emphasis added). It is thus clear that where an "insurer is providing a defense but merely refuses to settle, the insured has no immediate remedy." Id.

     In some respects, the instant case presents the opposite posture as Safeco. Rather than the insured asserting against the insurer a (pre-excess judgment) bad faith claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06318-CAS (AGRx) | Date | February 16, 2016 |
| Title | FINANCIAL INDEMNITY COMPANY v. JEFFREY BROOKS, SR., ET AL. | | |

refusal to settle, here the insurer is seeking (pre-excess judgment) declaratory relief against the insured regarding purported non-acceptance of a settlement offer. Indeed, FIC concedes that no excess judgment has yet been entered against the insured, as the Orellanas have yet to file any lawsuit whatsoever. Opp'n at 1 ("The Orellanas also *threatened to sue* Brooks to obtain an excess judgment, a necessary predicate for a 'bad faith' claim against FIC.") (emphasis added). Nonetheless, FIC attempts to distinguish Safeco's admonishment that "the mere possibility or probability of an excess judgment does not render the refusal to settle actionable." Safeco, 71 Cal. App. 4th at 788. Specifically, FIC argues that given the strength of the Orellanas' potential lawsuit against Brooks, "[t]here is more than a 'mere possibility' that the Orellanas would recover an excess judgment against Brooks."[3] Opp'n at 7.

The Court declines to speculate on the strength of the Orellanas' as-yet nonexistent state court action. Indeed, the Ninth Circuit has "stated that the ripeness requirement of Article III's 'case or controversy' clause precludes the insurer's obtaining a declaratory judgment with respect to its *liability* to the insured in . . . cases [like this] because '*the federal relief sought may hinge upon the outcome of state court actions*.'" Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371-72 (9th Cir. 1991), overruled in part on other

---

[3] The Court notes that the entry of any declaratory judgment in favor of FIC depends upon a series of hypothetical events: first, the Orellanas would have to file suit in state court against Brooks; second, the Orellanas would have to succeed in their suit and obtain excess judgment against Brooks; third, following the excess judgment, Brooks—or Orellanas as Brooks's assignee—would then have to file suit against FIC for breach of the implied covenant of good faith and fair dealing based upon failure to accept the April 2015 settlement offer. While FIC contends that these underlying state court proceedings and outcomes are "likely," Opp'n at 1, they remain prospective and do not warrant the Court's exercise of its discretionary jurisdiction in the instant action. C.f. Lexington Ins. Co. v. Silva Trucking, Inc., No. 2:14-CV-0015 KJM CKD, 2014 WL 1839076, at *9 (E.D. Cal. May 7, 2014) (noting "[i]t is true that the case might be more speedily resolved if it were to remain only a declaratory judgment action . . . [but] there is no guarantee the action will remain so narrow, as [the insureds] may well assert counterclaims against [the insurer] . . . [such that any] increased efficiency in litigating the case in this court is likely illusory.").

Case 2:15-cv-06318-CAS-AGR   Document 28   Filed 02/16/16   Page 9 of 14   Page ID #:152

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06318-CAS (AGRx) | Date | February 16, 2016 |
| Title | FINANCIAL INDEMNITY COMPANY v. JEFFREY BROOKS, SR., ET AL. | | |

grounds by GEICO v. Dizol, 133 F.3d 1220, 1227 (9th Cir. 1998) (quoting Ticor Title Ins. Co. of Cal. v. American Resources, Ltd., 859 F.2d 772, 777 n. 7 (9th Cir.1988)) (second emphasis added). "In such instances, courts normally dismiss declaratory judgment actions." Ticor Tile, 859 F.2d at 777 (citing Swedlow, Inc. v. Rohm & Haas Co., 455 F.2d 884, 886 (9th Cir. 1972); State Farm Mut. Auto. Ins. Co. v. Walker, 382 F.2d 548, 551 (7th Cir. 1967)).

Ultimately, as explained *infra*, even if the instant controversy is sufficiently ripe for adjudication, the Court concludes that at the present time, application of the Brillhart factors weighs against the exercise of jurisdiction over the good faith and fair dealing question.

### b.     The Policy Limits Question

Plaintiff also seeks a declaration "that FIC's policy limit applicable to any judgment in the Underlying Action is $15,000 and [that] it owes no contractual, extra-contractual, or other legal duty to pay more than $15,000 to indemnify Brooks and Brooks, Sr. for any judgment with respect to the Underlying Accident." Compl. (Prayer) ¶ 1. In other words, FIC is seeking a declaratory judgment regarding the scope of its duty to indemnify its insured.

Generally speaking, "a dispute between an insurer and its insured over the duties to defend and indemnify satisfies [the case or controversy] requirement for purposes of the Declaratory Judgment Act, *whether or not there is an underlying state court action pending*." Am. Nat. Fire Ins. Co. v. Hungerford, 53 F.3d 1012, 1015-16 (9th Cir. 1995) (emphasis added), overruled in part on other grounds by Dizol, 133 F.3d at 1227); see also Aetna Cas. & Sur. Co. v. Merritt, 974 F.2d 1196, 1199 (9th Cir. 1992) ("Here there was no state action pending when [the insurer] filed its declaratory relief action. We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage."). Nonetheless, defendant Brooks argues that any declaratory relief would be inappropriate absent an excess judgment against the insured. See Motion at 8. Brooks further tries to disclaim the existence of a dispute here by arguing that "[t]here is no need for a declaration of what the policy limits are, as [the $15,000 limit] is not in dispute." Id. at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06318-CAS (AGRx) | Date | February 16, 2016 |
| Title | FINANCIAL INDEMNITY COMPANY v. JEFFREY BROOKS, SR., ET AL. | | |

Again, FIC is seeking a determination regarding the scope of its duty to indemnify its insured in light of FIC's alleged non-acceptance of the Orellanas' April 2015 settlement offer. At bottom, therefore, FIC's declaratory relief action is not about the scope of its duty to indemnify under the express *terms* of the subject insurance policy; rather, this action is about determining FIC's potential liability in an as-yet unfiled suit for breach of its duty of good faith and fair dealing to its insured, defendant Brooks. See Compl. (Prayer), ¶ 2 (seeking declaratory judgment "that FIC discharged its contractual obligations and its duty of good faith and fair dealing in tendering its $15,000 policy limit in settlement"). Although FIC ostensibly seeks declaratory judgment that it "owes no . . . duty to pay more than $15,000 to indemnify Brooks and Brooks, Sr.," Compl. (Prayer), ¶ 1, any such determination will necessarily require the Court to reach the question of whether FIC breached its duty of good faith and fair dealing—a line of inquiry that would, as discussed below, be inappropriate at the present time.

### 2. Brillhart Factors and the Court's Exercise of Discretion

As explained *supra*, even when a case presents a justiciable controversy, the Declaratory Judgment Act requires further analysis in connection with the district court's discretion as to whether or not to exercise jurisdiction. Principal Life, 394 F.3d at 672; see also Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 533 (9th Cir. 2008) ("The Declaratory Judgment Act gives the Court the authority to declare the rights and legal relations of interested parties, *but not a duty to do so*.") (emphasis added); Dizol, 133 F.3d 1220, 1226 (9th Cir. 1998) ("[T]he district court . . . is in the best position to assess how judicial economy, comity and federalism are affected in a given case."); but see id. at 1223 (noting a district court "cannot decline to entertain such an action as a matter of whim or personal disinclination").

The Brillhart factors provide a non-exhaustive list of items for the district court to consider in exercising its discretion: "[1] The district court should avoid needless determination of state law issues; [2] it should discourage litigants from filing declaratory actions as a means of forum shopping; and [3] it should avoid duplicative litigation." Dizol, 133 F.3d at 1225 (9th Cir. 1998) (citing Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371-73 (1991)). Upon consideration of these factors, the Court declines to exercise jurisdiction in the present case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06318-CAS (AGRx) | Date | February 16, 2016 |
| Title | FINANCIAL INDEMNITY COMPANY v. JEFFREY BROOKS, SR., ET AL. | | |

### a.     Needless Determination of State Law Issues

First, resolution of the instant case will necessarily require the Court to resolve substantive questions of California insurance law. Robsac Indus., 947 F.2d at 1371 (noting that "California has established a complex scheme of insurance regulation" and that "the federal court could have avoided a needless determination of state law by not exercising its jurisdiction"); see also Transamerica Occidental Life Ins. Co. v. DiGregorio, 811 F.2d 1249, 1255 (9th Cir. 1987). While the particular state law questions at issue here are not particularly complex, "even non-technical and general state law issues may call for dismissal or abstention." Silva, 2014 WL 1839076, at *7 (declining to exercise jurisdiction over insurer-initiated diversity action seeking declaration that insurer "[1] owes no contractual or other duty to pay more than [$4 million] to indemnify [the insureds] and [2] that it discharged its contractual duties and its duty of good faith and fair dealing in response to settlement opportunities in the Underlying Action").

### b.     Forum Shopping

Second, with respect to the question of forum shopping, "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive forum shopping." Sherwin–Williams Co. v. Holmes Cnty., 343 F.3d 383, 391 (5th Cir. 2003) (quotation marks and citation omitted); see also id. ("Federal declaratory judgment suits are routinely filed in anticipation of other litigation."). However, the Ninth Circuit has noted the potential "'defensive' or 'reactive' nature" of such federal declaratory judgment suits, and cautioned against exercising jurisdiction when the party seeking relief appears to be engaged in forum shopping. Robsac, 947 F.2d at 1371 (citation omitted). FIC has plainly stated that the instant suit for declaratory relief will "short circuit" anticipated state court proceedings between decedent's family and the insured. Opp'n at 10. These anticipated state court proceedings between the decedent's family and the insured would likely be non-removable for lack of complete diversity. See Robsac, 947 F.2d at 1374 n.4 (noting that "diversity jurisdiction will usually be defeated if the third party [claimant] who brought suit against the insured is part of the action because the kinds of occurrences that give rise to liability suits generally involve citizens

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06318-CAS (AGRx) | Date | February 16, 2016 |
| Title | FINANCIAL INDEMNITY COMPANY v. JEFFREY BROOKS, SR., ET AL. | | |

of the same state"). Thus, much like the plaintiff-insurer's declaratory relief suit in Robsac,

> [t]he present suit was filed in federal court because the insurer apparently perceived a tactical advantage from litigating in a federal forum. Disputes in which insurance companies have sought declaratory relief in federal court have arisen frequently in the past. Often an insurer has brought a declaratory judgment action in federal court against its insured in order to obtain a ruling as to its obligations in relation to a state court action by a third party against the insured. Although the insurer [i.e., FIC] would have been unable to remove the state court action to federal court in most cases due to lack of complete diversity under 28 U.S.C. § 1441(b), there was diversity jurisdiction in the suit for declaratory relief because the insurer [FIC] and insured [Brooks] were citizens of different states.

Id. As in Robsac, the instant declaratory judgment action by an insurance company against its insured "is an archetype of what [the Ninth Circuit has] termed 'reactive' litigation," and accordingly the Court is disinclined to exercise jurisdiction. Id. at 1372 (citation omitted).

### c.   Duplicative Litigation

Finally, although there currently is no parallel (and thus duplicative) state court proceeding in this case, "the same federalism concerns against the use of the Declaratory Judgment Act as a forum shopping device, and the policy against 'having federal courts needlessly determine issues of state law,' are also present when a federal plaintiff seeks declaratory relief *in anticipation that a related state court proceeding may be filed*." Budget Rent-A-Car v. Crawford, 108 F.3d 1075, 1081 (9th Cir. 1997), overruled in part on other grounds by Dizol, 133 F.3d at 1227 (emphasis added). Furthermore, the Ninth Circuit has noted additional relevant considerations, some of which mitigate in favor of dismissal. These considerations include, *inter alia*, whether the declaratory action (1) "will settle all aspects of the controversy"; (2) "will serve a useful purpose in clarifying the legal relations at issue"; or (3) "is being sought merely for the purposes of procedural

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06318-CAS (AGRx) | Date | February 16, 2016 |
| Title | FINANCIAL INDEMNITY COMPANY v. JEFFREY BROOKS, SR., ET AL. | | |

fencing or to obtain a 'res judicata' advantage." Dizol, 133 F.3d at 1225 n. 5 (quoting Kearns, 15 F.3d at 145 (Garth, J., concurring)).  In the instant case, declaratory relief may serve a useful purpose in clarifying the legal relations at issue, but it likely will not settle all aspects of the controversy, as even a ruling in FIC's favor will not preclude the Orellanas from filing suit against Brooks.  In addition, as explained *supra*, FIC appears to be engaged in the sort of "procedural fencing" that the Ninth Circuit has cautioned against.

For the forgoing reasons, upon application of Brillhart and its progeny, the Court declines to exercise jurisdiction under the Declaratory Judgment Act.[4]

---

[4] Defendant Brooks also argues that this court lacks subject-matter jurisdiction because the amount-in-controversy requirement for diversity jurisdiction is not met. Motion at 9.  "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."  Budget Rent-A-Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1473.  In a claim for declaratory judgment, the amount in controversy is "the value of the object of the litigation."  Id. (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)).  In a case involving an insurer's obligation under liability coverage, "the amount in controversy is the value of the underlying tort action." Higashiguchi, 109 F.3d at 1473.  Here, while there is no "underlying tort action", FIC has nonetheless alleged in its complaint that the amount in controversy exceeds $75,000. Compl. ¶ 5.  Brooks argues that because the heart of the dispute is the limit of indemnity at $15,000, the jurisdictional minimum cannot be met.  Motion at 9.  Having determined, on alternative grounds, that the Court will not exercise its jurisdiction over the instant dispute, the Court does not reach the merits of defendants' argument regarding the amount in controversy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06318-CAS (AGRx) | Date | February 16, 2016 |
| Title | FINANCIAL INDEMNITY COMPANY v. JEFFREY BROOKS, SR., ET AL. | | |

## V.   CONCLUSION

In accordance with the foregoing, plaintiff's complaint is hereby **DISMISSED** without prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |